STEPHEN McLEAN *v.* SARAH CARROLL and another.

Any error committed by a Justice of the Peace, in proceedings on an application for the removal of a tenant under the act of 3 March, 1819, relative to landlord and tenant, can only be corrected by an appeal to the Parish Court, or by an action of nullity. In case of the refusal of the Justice to allow an appeal, the remedy is by mandamus. An injunction will not lie from a District Court, to stay the proceedings under such a judgment of removal.

APPEAL from the District Court of Natchitoches, *King*, J.

*Hertzog* and *Tuomey*, for the appellant, cited in support of the injunction, arts. 296, 298, No. 3, and 303, of the Code of Practice, and *Denis* v. *Leclerc*, 1 Mart. 297.

*Carr, M. C. Dunn,* and *J. Taylor,* for the defendants, relied on the act of 3 March, 1819, relative to landlord and tenant. Civil Code, art. 2683.	8 Mart. N. S. 563.	6 La. 58.

MARTIN, J. The plaintiff obtained an injunction to stay the proceedings of the defendant, Sarah Carroll, upon a judgment rendered by a Justice of the Peace in her favor, against him, for his removal from a tract of land, which he alleges, that the defendant and her husband leased to one Clark, who underlet it to the plaintiff. He urges, that the said lease has been, without his fault, mislaid or lost; that it has been duly advertised, notwithstanding which the Justice refused leave to produce evidence of its loss and contents; that Justices of the Peace have no jurisdiction of cases in which the possession or title of real property comes into question, except between lessor and lessee; that the defendant Carroll, in her said suit before the Justice, denied, that she was a lessor and the present plaintiff a lessee, opposing the introduction of evidence of the lease; and further, that he has

made improvements on the premises for which he is entitled to payment, before being compelled to abandon the premises. The District Court dissolved the injunction, and ordered the execution of the judgment; and the plaintiff has appealed.

Our attention has been drawn to a bill of exceptions, taken by the plaintiff and appellant to the refusal of the District Court to admit evidence of the existence of the lease, its loss, and contents, and of the value of the improvements.

It does not appear to us that the District Judge erred. The error of the Justice was only to be corrected by an appeal to the Parish Court ; and if that was refused, the remedy was by a mandamus. The District Court could not take cognizance of the Justice's judgment, on an appeal. The defendant has placed on the record evidence of his being an underlessee, and his adversary his lessor. It is true, that he alleges on oath, in his petition for the injunction, that the present defendant did not seek a judgment against him as her underlessee. This, however, is contradicted by an agreement between him and her, in which it is admitted, that her suit against him before the Justice of the Peace, was instituted *on a lease*. The plaintiff and appellant has evidently mistaken his remedy. The judgment of the Justice forms against him a *res judicata* the effect of which can be arrested only by an appeal, or an action of nullity, neither of which can be brought in the District Court. He could not be relieved by an injunction.

*Judgment affirmed.*